**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **DANIEL LAYTON,** | ) | **CASE NO. 1:15 CV 113** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **U.S. DEPARTMENT** | ) | **MEMORANDUM OF OPINION** |
| **OF JUSTICE,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Daniel Layton has filed this civil rights action against the United States Department of Justice and the Federal Bureau of Prisons, alleging he was refused a private personal confidential phone call to his attorney while he was incarcerated at FCI Elkton. He seeks $400,000 in damages.

A district court may *sua sponte* dismiss a fee-paid complaint for lack of subject-matter jurisdiction without affording the plaintiff the opportunity to amend where the complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The plaintiff's complaint must be *sua sponte* dismissed pursuant to *Apple v. Glenn*.

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) provides a cause of action against individual federal agents who allegedly violate the

Constitution. However, the plaintiff has sued federal agencies in this case, the United States Department of Justice and the Bureau of Prisons. A suit against a federal agency or federal officer in his or her official capacity is equivalent to a claim against the United States, *see Will v. Dept. of State Police*, 491 U.S. 58, 71 (1989), and "[i]t is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not waived its immunity to suits asserting *Bivens* claims. *Fagan v. Luttrell*, No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("*Bivens* claims against the United States are barred by sovereign immunity. The United States has not waived its immunity to suit in a *Bivens* action.") (citation omitted); *Miller v. Fed. Bureau of Investigation*, No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages"); *Lundstrum v. Lyng*, 954 F.2d 1142, 1146 (6th Cir.1991) ("A *Bivens* action may not be maintained against the United States.").

## Conclusion

Accordingly, this Court lacks subject-matter jurisdiction over the plaintiff's action, and the complaint is dismissed pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477.

IT IS SO ORDERED.

                                             */s/Dan Aaron Polster 2/11/15*
                                             DAN AARON POLSTER
                                             UNITED STATES DISTRICT JUDGE